UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SIDNEY JOHNSON, | ) | 1:11-CV-00428 AWI SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | |
| | ) | [Doc. #13] |
| R. HILL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on March 14, 2011. He challenges his 1998 convictions sustained in Fresno County Superior Court for attempted murder, assault with a firearm and residential burglary. On June 7, 2011, Respondent filed a motion to dismiss the petition as successive and untimely. Petitioner filed an opposition on June 16, 2011.

**DISCUSSION**

Respondent correctly argues that this case must be dismissed as successive. Review of the Court's dockets and files shows Petitioner has previously sought habeas relief in this Court with respect to the underlying conviction in <u>Johnson v. Lamarque</u>, Case No. 1:01-CV-05914 AWI HGB HC. In that case, the petition was denied on the merits. Of the eight claims he now raises, five were presented in the prior petition and are therefore successive. As Respondent correctly argues, the

1 remaining three claims were either known to Petitioner at that time or could have been discovered
2 through the exercise of due diligence.

3     A federal court must dismiss a second or successive petition that raises the same grounds as a
4 prior petition. 28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition
5 raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,
6 constitutional right or 2) the factual basis of the claim was not previously discoverable through due
7 diligence, and these new facts establish by clear and convincing evidence that but for the
8 constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying
9 offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a
10 second or successive petition meets these requirements, which allow a petitioner to file a second or
11 successive petition.

12     Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this
13 section is filed in the district court, the applicant shall move in the appropriate court of appeals for an
14 order authorizing the district court to consider the application." In other words, Petitioner must
15 obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.
16 See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or
17 successive petition unless the Court of Appeals has given Petitioner leave to file the petition because
18 a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United
19 States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),
20 *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

21     Because the current petition was filed after April 24, 1996, the provisions of the
22 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current
23 petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has
24 obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.
25 That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief
26 from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at
27 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of
28 habeas corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

Insomuch as the Court is without jurisdiction to consider the petition, a determination of Respondent's statute of limitations argument is unnecessary.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss the petition as successive be GRANTED and the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days of the date of service of this Findings and Recommendation, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A reply to the objections may be filed within fourteen (14) days of the date of service of the objections.  The District Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 9, 2011**              **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE